```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

CARPENTERS' DISTRICT COUNCIL    )
OF GREATER ST. LOUIS, et al.,   )
                                )
            Plaintiffs,         )
                                )
        vs.                     )   No. 4:07-CV-01620 (CEJ)
                                )
HERRING CONCRETE, INC., et al., )
                                )
            Defendants.         )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendants Herring Concrete, Inc., an administratively dissolved Missouri corporation, and Jerry B. Herring, an individual doing business as Herring Concrete, Inc., pursuant to Rule 55(b)(2), Fed. R. Civ. P. Plaintiffs filed a complaint in this Court on September 17, 2007. Service of process was obtained on defendant Jerry Herring on September 23, 2007. Defendants have not filed an answer or other responsive pleading, and the time for doing so has expired. Accordingly, the Clerk of Court entered default on December 4, 2007.[1]

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are trustees of employee benefit funds (the Pension, Welfare, Vacation, and Training funds) and the

---

[1] Because of the defendants' default, the unopposed allegations of the complaint are deemed to be true. See Angelo Iafrate Const., L.L.C. v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004); Fed.R.Civ.P. 55(b)(2).

Carpenters' District Council of St. Louis (the Union). Defendant Jerry Herring, an individual doing business as Herring Concrete, Inc., is a party to a collective bargaining agreement with the Union.

Defendants were required to make contributions pursuant to a collective bargaining agreement between the parties and the ERISA provisions cited above. Plaintiffs allege that defendants have not made some required contributions and seek $9,509.17 in delinquent contributions, liquidated damages, interest, and attorneys' fees and costs.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, and attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

On May 24, 2004, defendants and the Union entered into a collective bargaining agreement which was effective from May 5, 2004 to May 6, 2008. Under that agreement, defendants were required to make contributions to the Vacation (§§ 5.06, 5.07), Welfare (§ 5.08), Pension (§ 5.09), and Training (§ 5.10) funds. The agreement also obligated defendants to make contributions to the Carpenters International Training Fund, the National Apprenticeship and Training Fund, and the National Partnership Marketing Fund (§ 5.05). Employers make contributions by purchasing electronic "fringe benefit stamps" for each covered employee. § 5.06 The

failure to make the required contributions subjects signatories to liquidated damages and interest on untimely payments plus attorneys' fees and costs. § 5.11.

Plaintiffs submit the affidavit of Juli Laramie, an accountant and the controller for the benefit funds. Ms. Laramie testified that defendants submitted reports without payments for the weeks ending November 6, 13, 20, and 27, 2006; August 13, 2007; September 3, 17, and 24, 2007; and October 1, 2007, resulting in delinquent contributions of $6,786.85.

The agreement provides for liquidated damages in the amount of 20 percent of the delinquent contributions, and interest in the amount of 10 percent of the delinquent contributions together with the liquidated damages. Thus, the plaintiffs are entitled to recover $1,357.37 in liquidated damages and $420.36 in interest, and the Court will award those sums.

Plaintiffs also submit the affidavit of their attorney, Greg Campbell, who states that the hourly rate for his services is $160.00. The hourly rate for the legal assistant who performed services on this case is $75.00. Mr. Campbell states he worked a total of 2.2 hours and a legal assistant worked 1.2 hours in this action, for a total of $442.00 for legal services provided in this action. Plaintiffs also seek costs in the amount of $350.00 for the filing fee and $152.55 for service of process, for a total of $502.59 in costs. Thus, the Court will award $944.55 for attorneys' fees and costs in this action.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendants

Jerry B. Herring and Herring Concrete, Inc., in the amount of $9,509.17.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion [# 9] for default judgment against defendants Jerry B. Herring and Herring Concrete, Inc., is **granted**. A separate judgment in accordance with this order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2008.